FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HARVEST ROCK CHURCH, INC., itself and on behalf of its member churches in California; HARVEST INTERNATIONAL MINISTRY, INC., itself and on behalf of its member churches in California,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California,<br><br>Defendant-Appellee. | No. 20-56357<br><br>D.C. No.<br>2:20-cv-06414-JGB-KK<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before: O'SCANNLAIN, RAWLINSON, and CHRISTEN, Circuit Judges.

Order by Judges RAWLINSON and CHRISTEN, Partial Concurrence and Partial Dissent by Judge O'SCANNLAIN

The court has received appellants' emergency motion for injunction pending appeal. The response to the motion is due at 9:00 a.m. Pacific Time on December 28, 2020. The optional reply in support of the motion is due at 9:00 a.m. Pacific Time on December 29, 2020.

O'SCANNLAIN, J., concurring in part and dissenting in part:

FILED

DEC 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Although I have no objection to the briefing schedule set forth in the court's order, I strongly object to our failure to accommodate, even in a temporary fashion, Harvest Rock Church's request for relief from California's severe restrictions on indoor worship services by December 24.

The requested deadline is hardly arbitrary: The church seeks immediate action from our court so that its members can worship on Christmas Day, one of the most sacred holy days in the Christian calendar. And it is not the church's fault that it finds itself in this predicament. The church moved for a temporary restraining order against California's worship-related restrictions as soon as this case was remanded following a decision by the Supreme Court—yet it had to wait more than two weeks before the district court ruled on that motion. When the district court finally denied its motion two days ago, Harvest Rock Church filed a notice of appeal the same day. The next day, yesterday, the church moved for an emergency injunction from our court.

Our General Orders provide that, in exactly such a scenario, we may treat an emergency motion seeking action within 48 hours as a request for temporary relief until the panel "can more fully consider the merits of the motion." 9th Cir. Gen. Order 6.4.b. At this point—and as we are already familiar with many of the issues

1

presented in this case—Harvest Rock Church's claims against California's restrictions appear strong. *See generally Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020) (per curiam) (enjoining similar COVID-19 related restrictions in New York); *Calvary Chapel Dayton Valley v. Sisolak*, – F.3d – , 2020 WL 7350247 (9th Cir. 2020) (enjoining similar COVID-19 related restrictions in Nevada); *Harvest Rock Church, Inc. v. Newsom*, 977 F.3d 728, 732–37 (9th Cir. 2020) (O'Scannlain, J., dissenting) (concluding that Harvest Rock Church was likely to prevail on its previous appeal from the district court's denial of a preliminary injunction), *vacated* 981 F.3d 764 (9th Cir. 2020). Nonetheless, I do not object to the panel's determination that more time is needed to evaluate the merits of Harvest Rock Church's motion. But we should not deprive the church of any hope of relief during the period of time it takes our court to do so.

Even if we need more time to consider the pending motion in full, we should have granted the church at least the temporary relief it needs to ensure that its members can exercise freely the fundamental right to practice their Christian religion on one of the most sacred Christian days of the year. U.S. Const. amend. I.